

**Office of the New York State**
**Attorney General**

**Letitia James**
**Attorney General**

---

The Honorable Lee G. Dunst
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

April 30, 2025

Re:     *Khaykin v. Nassau County, et al.*, No. 2:25-cv-1149

Dear Judge Dunst:

The undersigned represents Defendant Steven James, Superintendent of the New York State Police, in the above-captioned matter. Pursuant to Your Honor's rules, I write to respectfully request a pre-motion conference regarding Superintendent James's anticipated motion, pursuant to Federal Rules 12(b)(1), to dismiss all claims asserted in the Complaint (ECF No. 1).

In his Complaint, Plaintiff challenges New York Penal Law § 400.00 ("Section 400.00"), which outlines the administrative criteria and procedure for obtaining a license to possess firearms in New York State, and New York Executive Law § 296.00(16) ("Section 296.00(16)"), which allows arrests and sealed dispositions to be considered in firearm licensing applications. Specifically, Plaintiff asserts Sections 400.00 and 296.00(16) violate Plaintiff's rights under the Second Amendment to United States Constitution.[1]

## I.    Superintendent James is not a proper Defendant to this action.

Superintendent James is not a proper defendant in this action as the Complaint fails to articulate facts indicating Plaintiff's alleged injuries are fairly traceable to conduct by Superintendent James. *See Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976) (noting that Article III standing requires that plaintiff's injury be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court."). According to the Complaint, Plaintiff's alleged injuries are due to the Nassau County Defendants' consideration of (i) traffic infractions and violations, (ii) non-criminal convictions, and (iii) arrests for charges that were dismissed and sealed to deny Plaintiff firearm license application. *See* Compl. ¶¶ 69, 116. However, such harm is not fairly traceable to Superintendent James because he has no discretion or involvement in the Nassau County Defendants' consideration of such information in connection with Plaintiff's application. As Plaintiff acknowledges, Superintendent James's only involvement in the licensing process is in approving the form of the application itself. *See* Compl. ¶¶ 28, 50. Moreover, the Section

---

[1] Plaintiff also asserts a claim for violating the Second Amendment, Fourteenth Amendment, and 42 U.S.C. § 1983 against the Nassau County Defendants (as defined in the Complaint), and a claim for *Monell* liability against the County of Nassau under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

296.00(16) information included in the application form is already expressly required to be provided to the relevant licensing officer irrespective of whether it is disclosed on the application form. *See* Pen. Law § 400.00(4).

At bottom, Plaintiff's alleged injuries are the result of the Nassau County Defendants' independent consideration of Plaintiff's traffic and criminal history and cannot serve to confer proper party status on Superintendent James. *See Libertarian Party of Erie Cnty. v. Cuomo*, 970 F.3d 106, 122 (2d Cir. 2020), *abrogated on other grounds by New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), (finding applicant who was denied a firearm license lacked standing to pursue claims against Superintendent of the State Police for violating the Second and Fourteenth Amendments because such claims were fairly traceable only to the pistol permit licensing officers who actually considered Plaintiff's applications); *see also Corbett v. Hochul*, No. 22-cv-5867, 2024 WL 3553132, at *4 (S.D.N.Y. July 26, 2024) ("Plaintiff lacks standing to sue the State Defendants because any injury from his license denial is not fairly traceable to the challenged action of the [State Defendants].") (quotation marks omitted).

## II.    The Eleventh Amendment bars Plaintiff's claims against Superintendent James.

Plaintiff's Second Amendment claims are also independently barred by the Eleventh Amendment. "The Supreme Court has long held that the Eleventh Amendment bars suits against a state by one of its own citizens, unless (1) the state consents to be sued, or (2) Congress validly abrogates the state's immunity." *Mann v. N.Y. State Ct. of Appeals*, No. 21-cv-49, 2021 WL 5040236, at *4 (N.D.N.Y. Oct. 29, 2021). "Since New York has not consented to be sued, and because Section 1983 did not abrogate New York's Eleventh Amendment immunity, Plaintiff['s] claims can only proceed if the *Ex parte Young* exception applies." *Id*. The *Ex parte Young* exception requires that the defendant state officer must have some connection with the enforcement of the act. *See HealthNow N.Y., Inc. v. New York*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010), *aff'd on other grounds*, 448 F. App'x 79 (2d Cir. 2011). Here, Superintendent James has no connection with the enforcement of Section 400.00 or Section 296.00(16), and, thus, the *Ex parte Young* exception does not apply. Moreover, because Plaintiff's alleged harm is based on the Nassau County Defendants' denial of his license application, such harm is fundamentally retrospective and outside the scope of *Ex parte Young*. *See, e.g.*, *Triestman v. McGinty*, 804 F. App'x 98, 99 (2d Cir. 2020) (finding judicial declaration that judge violated state regulations would be "entirely retrospective," and was thus "barred by Eleventh Amendment immunity").

Accordingly, Superintendent James respectfully requests a pre-motion conference regarding his anticipated motion to dismiss. Thank you for your attention to this matter.

Respectfully submitted,

*/s/ Rakim Johnson*
Rakim E. Johnson
Assistant Attorney General
Rakim.Johnson@ag.ny.gov
Direct: (516) 248-3253

cc:    Counsel of Record (via ECF)