

May 5, 2025

**By ECF**

Hon. Lee G. Dunst
United States Magistrate Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: *Khaykin v. Nassau County, et al.* 2:25-cv-01149-LGD

Your Honor,

  I represent the plaintiff, Alexander Kyahkin, in the above-referenced matter. Please accept the following in response to the April 30, 2025 premotion letter filed by defendant New York State Police Superintendent Steven James ("Superintendent" or "Defendant").

  Relevant to the Superintendent, the Complaint challenges New York Executive Law § 296.00(16) ("§ 296"), which requires applicants for a New York State pistol license to disclose arrests that were dismissed and sealed by the criminal court (terminated in a defendant's favor under Criminal Procedure Law § 160.50). Plaintiff seeks the permanent injunction of certain provisions of § 296 as applied to the firearms licensing process. In that connection, Plaintiff seeks the permanent injunction of the Superintendent's § 296 disclosure requirement on the statewide pistol license application form published by the Superintendent.

**I. *Plaintiff's Injury is Traceable to NYSP Superintendent James***

  Every applicant for a New York State pistol license must complete the mandatory statewide pistol license application (the PPB-3)[1], which the Superintendent is statutorily obligated to create and publish [Penal Law § 400.00(3)(a) ("Blank applications shall, except in the city of New York, be approved as to form by the superintendent of state police").[2] The Superintendent does not merely "approve" the statewide application [State Ltr. at 1], the Superintendent creates the PPB-3 and publishes it for use statewide by applicants.

---

[1] Except licenses applied for in New York City.
[2] https://troopers.ny.gov/system/files/documents/2025/01/ppb-3-12-24.pdf at page 3 (last visited 5/5/25). All prior versions for the relevant time period contained the same requirement.

2 Overhill Road, Suite 400    *info@bellantoni-law.com*    (914) 367-0090 (t)
Scarsdale, New York 10583    www.bellantoni-law.com    (888) 763-9761 (f)

In this case, the § 296 information disclosed by Plaintiff on his PPB-3 application was relied on, and used, by Nassau County to deny Plaintiff's right to engage in conduct protected by the Second Amendment. There is no historical tradition in this nation of requiring the disclosure of sealed arrests and dismissed charges - non-disqualifying information – as a condition to possessing firearms; meaning that the State will not be able to meet its burden of justifying its conduct as required by *NYSRPA v. Bruen*, 597 U.S. 1, 17 (2022).

Even so, if the challenged portions of § 296 are found to be unconstitutional and the Superintendent is no longer a party to this action, the State would be free to continue enforcing an unconstitutional requirement for lack of a court order permanently enjoining it because the Superintendent was no longer named.

The cases relied on by the State are inapposite, as they concern the ultimate determination of a pistol license application itself, over which the Superintendent has no authority [State Br. at 2]. In contrast, the allegations against the Superintendent involve conduct that the Superintendent, alone, is statutorily obligated to perform – creating and publishing the PPB-3.

Contrary to the State's representations, the Superintendent *is* enforcing § 296 through his requirement that applicants disclose such information on the mandatory statewide application form. Consideration of the § 296 information violates the Second Amendment, as does the requirement that it be disclosed for consideration in the licensing process in the first instance.

Enjoining the Superintendent from requiring the § 296 disclosure on the PPB-3 will provide Plaintiff with relief - even partial relief satisfies Plaintiff's burden. See, e.g., *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 903 (10th Cir. 2012) ("[A] favorable decision would relieve [the plaintiffs'] problem 'to some extent,' which is all the law requires."); *Care Comm. v. Arneson*, 638 F.3d 621, 631 (8th Cir. 2011) (fact that anyone could institute complaint did not undercut redressability as to county attorneys and attorney general, since granting injunctive relief "would redress a discrete injury to plaintiffs").

Redressability does not require that a favorable decision would provide a plaintiff with complete relief. *Planned Parenthood of New York City, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 337 F. Supp. 3d 308, 323 (S.D.N.Y. 2018) quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992); *Larson v. Valente*, 456 U.S. 228, 244 n.15 (1982) (Plaintiff need not prove that "a favorable decision will relieve his *every* injury") (emphasis supplied).

**II.  *The Eleventh Amendment Does Not Preclude Injunctive and Declaratory Relief***

The *Ex parte Young* exception to the Eleventh Amendment allows federal courts to prevent state actors from continuing to enforce unconstitutional state statutes. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

The Superintendent enforces § 296 by compelling pistol license applicants to disclose information on the statewide application that has no historical roots as a basis to preclude the exercise of Second Amendment rights. The enforcement of § 296 is ongoing – the statute has not been abrogated, the Superintendent continues include such requirements on the statewide application, and Plaintiff cannot obtain a license in the future without completing the PPB-3 application. Because Plaintiff seeks

prospective relief in the form of an injunction and declaration of the statutes' unconstitutionality, the *Ex parte Young* exception to the Eleventh Amendment applies.

      Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni