

June 4, 2025

**By ECF**

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Khaykin v. Nassau County, et al.* 2:25-cv-01149-GRB-LGD

Your Honor,

I represent the plaintiff, Alexander Kyahkin, in the above-referenced matter. Please accept the following in response to the April 30, 2025 premotion letter filed by defendant New York State Police (NYSP) Superintendent Steven James ("Superintendent").

**I. *Plaintiff's Injury is Traceable to NYSP Superintendent James***

No application for a New York State pistol license will be processed unless the applicant completes the mandatory statewide pistol license application (the PPB-3)[1], which the Superintendent is statutorily obligated to create and publish [Penal Law § 400.00(3)(a) ("Blank applications shall, except in the city of New York, be approved as to form by the superintendent of state police").[2] The Superintendent does not merely "approve" the statewide application [State Ltr. at 1], the NYSP creates the PPB-3 and publishes it on its website for use statewide by applicants.

The PPB-3 requires applicants to disclose information required by New York Executive Law 296.00(16) ("§ 296"). Plaintiff challenges the constitutionality of certain disclosure requirements of § 296, including disclosing arrests that were adjudicated by a court and sealed, and charges that were dismissed by the criminal court.

The § 296 information disclosed by Plaintiff on his PPB-3 application was relied on and used bythe Nassau County Defendants to deny Plaintiff's application for a pistol license to lawfully possess handguns for self-defense - conduct presumptively protected by the Second Amendment. *D.C. v. Heller,* 554 U.S. 570, 592 (2008); *NYSRPA v. Bruen*, 597 U.S. 1, 32 (2022).

---

[1] Except licenses applied for in New York City.
[2] https://troopers.ny.gov/system/files/documents/2025/01/ppb-3-12-24.pdf at page 3 (last visited 6/4/25). All prior versions for the relevant time period contained the same disclosure requirement.

Should Plaintiff's partial challenge to § 296 succeed, a Court order enjoining the Superintendent's inclusion of the § 296 requirement on the PPB-3 would also be required. In any event, as Plaintiff is challenging a state statute, the State would be part of the case in any event as an Intervenor.

That said, the cases relied on by the State are inapposite, as they concern the ultimate determination of a pistol license application itself, over which the Superintendent has no authority [State Br. at 2]. In contrast, the allegations here involve the Superintendent's own conduct– imposing § 296 on applicants by requiring such disclosures on the statewide mandatory application. If there were no § 296 disclosure requirement on the PPB-3, the Superintendent would not have been named as a party. Consideration of the § 296 information by the licensing officer violates the Second Amendment, as does the requirement that it be disclosed for consideration in the first instance.

Enjoining the Superintendent from imposing the § 296 disclosure on the PPB-3 will provide Plaintiff with relief – and even partial relief satisfies Plaintiff's burden. See, e.g., *Consumer Data Indus. Ass'n v. King*, 678 F.3d 898, 903 (10th Cir. 2012) ("[A] favorable decision would relieve [the plaintiffs'] problem 'to some extent,' which is all the law requires."); *Care Comm. v. Arneson*, 638 F.3d 621, 631 (8th Cir. 2011) (fact that anyone could institute complaint did not undercut redressability as to county attorneys and attorney general, since granting injunctive relief "would redress a discrete injury to plaintiffs"). Redressability does not require a favorable decision that provides a plaintiff with *complete* relief. *Planned Parenthood of New York City, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 337 F. Supp. 3d 308, 323 (S.D.N.Y. 2018) quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 569 n.4 (1992); *Larson v. Valente*, 456 U.S. 228, 244 n.15 (1982) (Plaintiff need not prove that "a favorable decision will relieve his *every* injury") (emphasis supplied).

**II.** *The Eleventh Amendment Does Not Preclude Injunctive and Declaratory Relief*

It is well-established that the *Ex parte Young* exception to the Eleventh Amendment allows federal courts to prevent state actors from continuing to enforce unconstitutional state statutes. *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021).

The Superintendent's conduct has no historical analogue; the enforcement of § 296 is ongoing – the statute has not been abrogated, and the Superintendent continues include such requirements on the statewide application [*see*, n. 2 above]. Plaintiff cannot obtain a pistol license in the future without completing the PPB-3 application and, again, making such disclosures. Because Plaintiff seeks prospective relief in the form of an injunction and declaration of the statutes' unconstitutionality, the *Ex parte Young* exception to the Eleventh Amendment applies. Plaintiff's claims for injunctive relief are prospective based on his intention to exercise his rights to possess handguns, which cannot take place in the absence of, *inter alia,* a completed PPB-3.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni