

July 9, 2025

**By ECF**

Hon. Gary R. Brown
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

    Re:    *Khaykin v. Nassau County, et al.* 2:25-cv-01149-GRB-LGD

Your Honor,

    I represent the plaintiff, Alexander Kyahkin ("Plaintiff"), in the above-referenced matter. Please accept the following in response to the June 19, 2025 premotion letter filed by the Nassau County defendants (the "County" or "County Defendants").

    The sole argument pressed by the County Defendants is that Plaintiff cannot trace the injury arising from their enforcement of § 296.00(16) to them. The County expresses no intention to seek the dismissal of Plaintiff's remaining claims.

    By way of brief background, among other claims Plaintiff challenges certain provisions of New York State Executive Law § 296.00(16) ("§ 296"), which are enforced by the New York State pistol licensing officers. Indeed, the County Defendants concede that they are "responsible for implementing and enforcing laws enacted by the State…" [County ltr. at p. 1] including § 296.

    Section 296 allows pistol licensing officers, including the County, to consider and rely on (i) charges terminated in favor of the accused (C.P.L. 160.50), adjourned in contemplation of dismissal (C.P.L. 170.55, 170.56, 210.46, 210.47, or 215.10), and/or non- criminal violations sealed by the court (C.P.L. 160.55) to deny individuals of the right to possess, purchase, and/or carry firearms for self-defense. The County relied on § 296 information to deny Plaintiff's application for a pistol license.

    Preventing individuals from possessing of common weapons based on § 296 information has no roots in America's historical traditions of firearm regulation. *See, NYSRPA v. Bruen*, 597 U.S. 1, 17 (2022) (reiterating the test for Second Amendment challenges).

    According to the County, Plaintiff should sue the Legislature for the harms caused by § 296 because the Legislature was responsible for passing the statute – a frivolous argument that should be

summarily rejected.

It is well-established that a party who enforces the challenged statute is a proper party to be sued, as the plaintiff's harms are traceable to that party's enforcement of the challenged law. *See, e.g.*, *Antonyuk v. James*, 120 F.4th 941, 1043 (2d Cir. 2024), cert. denied, 145 S. Ct. 1900 (2025) (finding NYSP Superintendent the proper party to be named in a challenge to the Restricted Locations ban of § 265.01-d of the Concealed Carry Improvement Act because the criminal penalties are enforced by the NYSP and "*that* injury is clearly redressable by an injunction against enforcement of the private-property restriction"); *A.R. v. Connecticut State Bd. of Educ.*, 5 F.4th 155, 163 (2d Cir. 2021) (affirming district court's finding that the plaintiff's injury was entirely traceable to the Board of Education's enforcement of the regulation at issue); *Mills v. New York City, New York*, 758 F. Supp. 3d 250, 262–63 (S.D.N.Y. 2024) (plaintiffs' injury is traceable to New York City's enforcement of state law).

To establish Article III standing, a plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.,* 454 U.S. 464, 472 (1982).

The County Defendants enforced the challenged state law against Plaintiff to preclude him from exercising the right to possess handguns for self-defense, and his injury is redressable by an injunction prohibiting the County from enforcing § 296 as violative of the Second Amendment. While a municipality cannot be liable for monetary damages for enforcing state law, an injunction against the municipality's enforcement of an unconstitutional statute is not only proper – it is required. Plaintiff is not seeking monetary damages from the County's enforcement of § 296 against him; he seeks the permanent injunction of its enforcement.

Because the County defendants have identified no legally cognizable, non-frivolous grounds to dismiss the Complaint, should they proceed with filing such a motion, Rule 11 sanctions will be considered, and likely pursued, by Plaintiff.

Thank you for the Court's consideration.

Very truly yours,

*Amy L. Bellantoni*
Amy L. Bellantoni